## United States District Court
## District of Nebraska

| | |
|---|---|
| Cody Foster & Co., Inc., a Nebraska corporation | Case No. 8:14-cv-80 |
| **Plaintiff,** | |
| v. | Plaintiff's 3rd Amended Complaint and Jury Demand |
| Urban Outfitters, Inc. a Pennsylvania Corporation, d/b/a Terrain at Home and Free People, | April 18, 2014 |
| Anthropologie, Inc. a Pennsylvania Corporation, d/b/a Anthropologie Direct, LLC, | |
| URBN UK Limited, a United Kingdom Corporation d/b/a Anthropologie U.K. | |
| **Defendants.** | |

Plaintiffs allege:

### Case Overview

1.      Cody Foster & Co, Inc. ("Cody Foster") executed multiple Contracts with Urban Outfitters, Inc. ("Urban Outfitters") through its subsidiaries Anthropologie, Inc. ("Anthropologie"), Anthropologie Direct, LLC ("Anthropologie Direct"), Terrain at Home ("Terrain"), Free People, URBN UK Ltd. ("URBN UK") and Anthropologie U.K. for the sale of ornaments. These ornaments were uniquely crafted to suit the Defendants' customer demographic. Defendants purchased the ornaments with the intention or marketing them to the general public. Defendants now refuse to pay amounts owed under contract, seek to return the items to Cody Foster at Cody Foster's expense and cancel all

pending orders. Defendants' actions constitute a breach of contract and entitle Cody Foster to damages and specific performance of all contracts.

## Jurisdiction, Venue, Parties

2.     The Court has jurisdiction of this matter under 28 U.S.C. §§1332 and 1441. The Plaintiff is a Nebraska corporation with its primary place of business in Valentine, NE. Defendants are incorporated in a variety of locations with business locations inside and outside of Nebraska. Plaintiff's causes of action against Defendants also exceeds $75,000.00. The Court also has original jurisdiction under 28 U.S.C. § 1338  as one of Plaintiff's causes of action against Defendants is for copyright infringement.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to the claims presented occurred in this district.

4.     The Plaintiff is Cody Foster & Co., Inc., a Nebraska Corporation. Its principal place of business in Nebraska. Cody Foster's business is the sale of ornaments to retailers across the country.

5.     Defendant Urban Outfitters, Inc. is a Pennsylvania Corporation with its principal place of business in Pennsylvania. Urban Outfitters may be served here and has a presence at 745 North 14th Street, Omaha, NE 68102. Urban Outfitters is the parent company of all other Defendants in this complaint.

6.     Defendant Terrain at Home is believed to be a trade name of Urban Outfitters with no corporate separateness maintained. Terrain markets its products to all 50 states through its website www.terrain.com.

7.     Free People is believed to be a trade name of Urban Outfitters with no corporate separateness maintained.  Free People markets its products to all 50 states through its website www.freepeople.com.

8.     Anthropologie, Inc. is a Pennsylvania corporation with a principal place of business in Pennsylvania. It is believed to be a subsidiary of Urban Outfitters. Anthropologie may be served here and has a presence at 120 Regency Parkway, Omaha, NE 68114.

2

C02963

9.      Defendant Anthropologie Direct, LLC ("Anthropologie Direct") is believed to be the same entity as Anthropologie Inc. and no corporate separateness is maintained.

10.     Anthropologie U.K. is believed to be a trade name of URBN UK, Ltd. and no corporate separateness is maintained. It is believed URBN UK is a subsidiary of Urban Outfitters.

11.     Based on belief and information, the corporate structure of Urban Outfitters, Inc. is this:



**General Allegations**

12.     All allegations above are renewed here.

13.     Beginning in 2013, Cody Foster entered into contracts with Anthropologie, Anthropologie UK, Anthropologie Direct, Terrain and Free People for the sale of ornaments. Defendants in turn would market the items through its retail storefronts and online.

14.     From January to October 2013, Anthropologie, Anthropologie UK, Anthropologie Direct and Free People placed 124 separate orders for ornaments from Cody Foster. Each purchase order contains has a separate P.O. identification number, invoice date, invoice amount, outstanding balance and payment history. Each separate

3

C02963

P.O. was a distinct and specific contract and agreement to abide by the terms of that contract. A list of 124 P.O.'s is attached and incorporated hereto as Exhibit A.

15. Each purchase order contained the following terms:

15.1.   The date the order for ornaments was made by the Defendants.

15.2.   The deadline for shipment of ornament orders to Defendants. Shipment was to occur by Cody Foster. Cody Foster fulfilled this obligation consistently.

15.3.   The deadline for payment by the Defendant listed on the purchase order. The Defendants have failed to comply with this requirement.

16. Each accompanying invoice drafted by Cody Foster contained the following terms.

16.1.    The date which Cody Foster shipped the items.

16.2.    The quantity of product ordered by Defendants.  Defendants did not dispute this term.

16.3.    A description of each ornament ordered with corresponding product identification number.  Defendants did not dispute this term.

16.4.    The price per item ordered. Defendants did not dispute this term.

16.5.    The total price for each item ordered.  Defendants did not dispute this term.

16.6.    The total price for all items ordered.  Defendants did not dispute this term, but has failed to pay the full amount of all invoices.

16.7.    The deadline for payment listed on the invoice. This matched the terms of each purchase order provided by the Defendants.  The Defendants failed to comply with this requirement.

16.8.    A requirement that all discrepancies in the invoices be reported within 10 days. Defendants at no time disputed the invoices.

16.9.    A requirement to seek prior approval from Cody Foster before Defendants attempted to return product. Defendants have never disputed this term.

C02963

17.     On or around October 24, 2012, Anthropologie communicated to Cody Foster that they were terminating each and every contract executed by them and other companies of Urban Outfitters, and were going to return all Cody Foster merchandise at Cody Foster's expense and cancel any pending orders.

18.     This repudiation includes 111,178 units outstanding accounts receivable inventory still in Anthropologie's possession.

19.     Defendants have also refused to accept shipments of ornaments that still remain in Cody Foster's warehouses. Cody Foster is bearing the expense of preserving these ornaments and the burden of reduced warehouse space for other product.

20.     As of October 2013, the combined value of all purchase orders executed among Anthropologie, Anthropologie Direct, Free People and Anthropologie U.K. was $706,492.70.

21.     Defendants' widely publicized cancelation of further business dealings with Cody Foster harmed business relationships of Cody Foster. This act has led other businesses to cancel existing contracts and cease future business.

22.     From January to November 2013, Urban Outfitters, doing business as Terrain at Home, executed 8 separate purchase order contracts for ornaments from Cody Foster. Each separate purchase order was a distinct and specific contract and agreement to abide by the terms of that contract. A list of all eight (8) purchase order is attached and incorporated hereto as Exhibit B and are valued at $16,790.49. Terrain has sold the ornaments shipped to them, but refuses to make payment on their outstanding balance due and owing to Cody Foster. It is unknown how many units of inventory Terrain still possesses.

23.     The contract damages of all Defendants are known and liquidated. Interest is accruing. As of February, 2014, the balance owed from each entity is as follows:

> 23.1.   Anthropologie: $454,392.95
>
> 23.2.   Anthropologie Direct: $86,266.30
>
> 23.3.   Anthropologie U.K.: $23,410.20
>
> 23.4.   Urban Outfitters a/k/a/ Free People: $1,249.25.

5

C02963

23.5.   Urban Outfitters a/k/a Terrain at Home: $10,706.38

23.6.   Outstanding balance of all Defendants: $576,025.08.

24.     Defendants are without a good faith basis for refusing to honor all the contracts.

25.     Cody Foster has ornaments that it exclusively designed and has registered with the United States Copyright Office. Cody Foster owns the exclusive worldwide rights to their extensive collection of ornaments and has expended considerable effort and expense in promoting their ornaments. As a result, the purchasing public has come to know, rely upon and recognize the Cody Foster brand and product as an international brand of high quality ornaments.

26.     Cody Foster has dedicated significant resources to create, distribute and protect their ornaments. In additions, Cody Foster dedicates resources to be in compliance with applicable laws in order to protect the integrity of their ornaments.

27.     The viability and profitability of Cody Foster, and their Nebraska-based business, depends upon monies and revenue earned from their intellectual property, including copyrights in Cody Foster's ornaments.

28.     Cody Foster has discovered the Defendants have added ornaments to their respective websites which are identical to ornaments in Cody Foster's inventory.  To date, Cody Foster has discovered at least six (6) of their ornaments are present for sale on Defendants' websites.

29.     The ornaments designed by Cody Foster and copied by Defendants are found at Exhibit E attached here and incorporated in this Complaint.

30.     Defendants were aware that Cody Foster owned the rights to these works. Defendants did not seek permission from Cody Foster to use their copyright protected ornaments for any purpose. Cody Foster did not give permission to Defendants to copy these designs or offer them for sale. Defendants have continued to sell and profit from the sale of these items through their respective websites.

6

C02963

31.     Each reproduction by Defendants of Cody Foster's ornaments constitutes a separate and distinct instance of infringement. In this case, Cody Foster's ornaments have been reproduced for sale by Defendants without permission.

32.     Under no circumstances has Cody Foster authorized the use of copyrighted ornaments for sale by its retail customers or third parties, nor does Cody Foster contemplate any circumstance under which they would do so.

33.     The commercial value of Cody Foster's copyrights have been diminished by the Defendants' actions.

34.     Defendants knowingly, willfully and maliciously copied designs of Cody Foster with the intent and purpose to profit from their actions and harm Cody Foster in the process.

## First Claim: Breach of Contract

35.     All allegations above are incorporated here.

36.     From January to October 2013 Defendants entered into separate contracts, known as P.O.s, for the sale or ornaments.

37.     As consideration for the purchase of ornaments, Defendants agreed to pay to Cody Foster a combined sum of approximately $723,283.19. Per the "Terms and Conditions of Sale" attached to this Complaint as Exhibit C, balances outstanding after 30 days from the date of invoicing incur an interest rate of 18% per year.

38.     The parties were in agreement that the terms of each P.O. controlled the terms of the purchase.  Each P.O. constituted a unique and separate contract.

39.      The terms and conditions of sale regulated the manner and timing for payments of each P.O.

40.     The Terms of Purchase Agreement and vendor guidelines controlled the delivery of each P.O. and is attached to this Complaint as Exhibit D.

41.     Defendants have breached contracts it entered into with Cody Foster. Since of October 24, 2013 Defendants Anthropologie, Anthropologie Direct LLC, Free People, Terrain at Home and Anthropologie UK have sought to return ornament inventory in its

7

C02963

possession, cancel any pending orders and refuse to remit any additional payments to Cody Foster.

42.     All Defendants have a combined outstanding balance to Cody Foster of $576,025.08.

43.     Defendants have also refused to accept all shipments of ornaments referenced in the P.O.s above.

44.     Defendants' breach of contract has caused the following harm:

    44.1.   Cody Foster incurred costs of care and custody of ornaments after Defendants' breach and refusal to accept further shipments of ornaments ordered;

    44.2.   Cody Foster lost contracts and future business expectancies with other clients; and

    44.3.   Damage to Cody Foster's reputation.

45. Cody Foster requests the Court enter judgment for:

    45.1.    The unpaid balance of $576,025.08 plus 18% interest per annum on the P.O.'s plus pre and post judgment interest as allowable by law;

    45.2.   Damages for Cody Foster's costs related to care and custody of unshipped ornaments after Defendant's breach;

    45.3.    Damages due to loss of contracts and business expectancy with other clients of Cody Foster; and

    45.4.   Damages for harm to Cody Foster's reputation caused by Defendants' public rejection of their contracts with Cody Foster.

46.     In the alternative, Cody Foster requests the Court order Defendants to specifically perform the terms of each P.O and vendor guidelines and also order Defendants:

    46.1.   To pay invoices and accept shipment of ornaments;

    46.2.   To pay damages due to loss of contracts and business expectancy with other clients of Cody Foster; and

    46.3.   To pay damages for harm to Cody Foster's reputation caused by Defendants' repudiation of their contracts with Cody Foster.

C02963

47.    In the alternative, if the Court finds in favor of Defendants, Cody Foster request an award of direct damages because Cody Foster is entitled to a 20% restocking fee per the terms of its agreements with Defendants.  The restocking is estimated to be at least $144,656.64.

### Second Claim: Copyright Infringement

48.    All allegations above are incorporated here.

49.    Cody Foster is, and at all relevant times have been, the copyright owners of licensees of exclusive rights under United States copyright with respect to certain ornaments, including but not limited to the ornaments identified in Exhibit E incorporated here and attached hereto, each of which was designed by Cody Foster and remains their intellectual property.

50.    Among the rights granted to Cody Foster under the Copyright Act are the exclusive rights to reproduce ornaments they created and distribute them. These are rights, which Defendants willfully, maliciously and intentionally infringed upon.

51.    Cody Foster alleges that Defendants, through dealings with Cody Foster became aware of certain Cody Foster ornaments and product offerings which include the ornaments infringed.  Without the permission or consent of Cody Foster, Defendants have used, and continue to use and sell Cody Foster ornaments that were presented to Anthropologie for purchase but not purchased. In doing so, Defendants have violated Cody Foster's exclusive rights or reproduction and distribution. Defendants' actions constitute infringement of Cody Foster's exclusive rights under the Copyright Act.

52.    Defendants' actions were not a mistake and were without permission of Cody Foster who therefore, alleges the foregoing acts of infringement have been willful and malicious, in disregard of, and with indifference to the rights of Cody Foster.

53.    As a result of Defendants' willful infringement of Cody Foster's copyrights and exclusive rights under the Copyright Act Cody Foster is entitled to actual damages for copyright infringement under 17 U.S.C. § 504(c), an enhancement to those damages for willful and malicious infringement, costs, attorney fees and prejudgment interest

C02963

under 17 U.S.C. § 505. The measure of actual damages continues to accrue and is unknown at this time.

54.     The conduct of Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Cody Foster great and irreparable injury that cannot be compensated or measured in money. Cody Foster has no adequate remedy at law. Under *Fed. R. Civ. P.* § 65(b), Cody Foster is entitled to a temporary restraining order requiring Defendants to halt all production and sales of ornaments referenced and incorporated here in Exhibit E of this complaint.

55.     Under 17 U.S.C. § 503, Cody Foster is entitled to court action impounding all ornaments, molds and masters the Defendants use to produce and sell the ornaments referenced and incorporated here in Exhibit E of this complaint.

56.     Under 17 U.S.C. § 502, Cody Foster is entitled to temporary and permanent injunctive relief prohibiting Defendants from further infringing Cody Foster's intellectual property rights, and an order requiring Defendants to destroy all copies of ornaments made in violation of Cody Foster's exclusive rights.

57.     Cody Foster sent a cease and desist demand to Defendants to stop production and sale of the infringing ornaments. That demand is attached at Exhibit F.

58.     Defendants responded to Cody Foster's cease and desist by requesting further information but they failed to agree to comply as directed.

59.     Cody Foster has satisfied all steps necessary to establish evidence of Defendants' willful and malicious actions.

## Damages

60.     The aggregate amount of damages from all Defendants for the breach of each contract is $576,025.08.  This amount is definite and certain, due and owing, and continues to accrue interest at 18% per year beginning 30 days from the date listed on each invoice.

61.     Costs for Cody Foster's care and custody of unshipped ornaments following Defendants' breach and refusal to accept further shipments of ornaments ordered;

C02963

62.     Cody Foster's lost contracts and future business expectancies with other clients;

63.     Damage to Cody Foster's reputation.

64.     In the alternative, if the Court finds in favor of Defendants, Cody Foster requests an award of direct damages because Cody Foster is entitled to a 20% restocking fee per the terms of its agreements with Defendants. The restocking is estimated to be at least $144,656.64.

65.     Actual damages under 17 U.S.C. § 504(b) from copyright infringement committed by Defendants are unknown at this time. The amount of actual damages is unknown at this time.

66.     Statutory damages under 17 U.S.C. § 504(c).

67.     An escalation of damages under 17 U.S.C. § 504 for Defendants' willful and malicious infringement.

68.     Costs and Attorneys' Fees under 17 U.S.C. § 505.

69.     Prejudgment interest under 17 U.S.C. § 505.

70.     Damages from the first and second claims are accruing and Cody Foster respectfully reserves the right to amend their damages claim at the final Pretrial Conference, or at trial.

**Requests for Relief**

71.     On the foregoing basis, Plaintiffs respectfully request that the Court:

72.     Enter judgment for Cody Foster against the Defendants for each contract;

73.     Enter judgment for:

73.1.   The unpaid balance of $576,025.08 plus 18% interest per annum on the P.O.'s plus pre and post judgment interest as allowable by law;

73.2.   Damages for Cody Foster's costs related to care and custody of unshipped ornaments after Defendant's breach;

73.3.   Damages due to loss of contracts and business expectancy with other clients of Cody Foster; and

11

C02963

73.4.   Damages for harm to Cody Foster's reputation caused by Defendants' public rejection of their contracts with Cody Foster.

74.   In the alternative, Cody Foster requests the Court order Defendants to specifically perform the terms of each P.O and vendor guidelines and also order Defendants:

74.1.   To pay invoices and accept shipment of ornaments;

74.2.   To pay damages due to loss of contracts and business expectancy with other clients of Cody Foster; and

74.3.   To pay damages for harm to Cody Foster's reputation caused by Defendants' repudiation of their contracts with Cody Foster.

75.   In the alternative, if the Court finds in favor of Defendants, Cody Foster request an award of direct damages because Cody Foster is entitled to a 20% restocking fee per the terms of its agreements with Defendants.  The restocking is estimated to be at least $144,656.64.

76.   On Plaintiff's copyright infringement claims:

76.1.   Enter judgment for actual damages in favor of Cody Foster against Defendants in an amount to be determined.

76.2.   Enter judgment for statutory damages in favor of Cody Foster against Defendants.

76.3.   Enter judgment for an enhancement of damages due to willful and malicious infringement in favor of Cody Foster against Defendants.

76.4.   Grant a temporary restraining order in favor of Cody Foster against all Defendants as to the ornaments identified in Exhibit E and prevent Defendants continued production and sale to the general public.

76.5.   Grant an order of impoundment in favor of Cody Foster against all Defendants as to the ornaments identified in Exhibit E as well as the ornament molds and masters used to produce the ornaments.

12

76.6.   Grant a preliminary and permanent injunction in favor of Cody Foster against all Defendants as to the ornaments identified in Exhibit E and prevent their continued production and sale to the general public.

77.   Enter judgment for lawyer's fees to the extent permitted by law;

78.   Enter judgment for prejudgment interest in favor of Cody Foster against Defendants in an amount to be determined.

79.   Enter judgment for taxable court costs to the extent permitted by law.

80.   Any and all other forms of relief deemed just and equitable.

## Jury Demand

81.   Plaintiff respectfully demands trial by jury.

April 18, 2014.

Cody Foster & Co., Inc. Plaintiff,

By:  _s/Christian T. Williams_____
Brian E. Jorde, #23613
Christian T. Williams #25002
DOMINALAW Group pc llo
2425 South 144th Street
Omaha, NE  68144-3267
(402) 493-4100
*Plaintiff's Lawyers*

## Certificate of Service

On April 18, 2014, a copy of Plaintiff's 3rd Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following lawyers registered with the CM/ECF system:

Suzanne M. Shehan
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000

Alison M. Gutierrez
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000

  s/Christian T. Williams_____
Christian T. Williams

13

| Purchaser | PO NUMBER | INVOICE NUMBER | INVOICE AMOUNT | AMOUNT Anthro. PAID | AMOUNT DUE |
|---|---|---|---|---|---|
| 18329 | 30070 | I041888 | $ 18,040.70 | $ - | $ 18,040.70 |
| 18329 | 30335 | I041873 | $ 3,852.00 | $ 3,852.00 | $ - |
| 08066 | 263393 | I038984 | $ 790.00 | $ 790.00 | $ - |
| 08066 | 276128 | I039637 | $ 1,350.00 | $ 1,350.00 | $ - |
| 08066 | 289973 | I039094 | $ 790.00 | $ 790.00 | $ - |
| 08066 | 300131 | I039460 | $ 680.00 | $ 680.00 | $ - |
| 08066 | 324352 | I039876 | $ 340.00 | $ 340.00 | $ - |
| 06570 | 340666 | I040666 | $ 48,392.00 | $ 48,392.00 | $ - |
| 06570 | 340636 | 1041471 | $ 48,392.00 | $ 48,392.00 | $ - |
| 08066 | 340640 | I040676 | $ 4,025.00 | $ 4,025.00 | $ - |
| 08066 | 340641 | I040661 | $ 9,476.00 | $ 9,476.00 | $ - |
| 08066 | 340643 | I041494 | $ 4,025.00 | $ 4,025.00 | $ - |
| 08066 | 340644 | I041475 | $ 9,476.00 | $ 9,271.68 | $ 204.32 |
| 06570 | 340675 | I042302 | $ 61,362.00 | $ - | $ 61,362.00 |
| 06570 | 340676 | I041766 | $ 324.00 | $ - | $ 324.00 |
| 08066 | 340681 | I042944 | $ 3,582.00 | $ - | $ 3,582.00 |
| 08066 | 340681 | C007526 | $ (27.00) | $ - | $ (27.00) |
| 08066 | 340682 | I043001 | $ 8,289.00 | $ - | $ 8,289.00 |
| 08066 | 345343 | I041839 | $ 886.60 | $ - | $ 886.60 |
| 08066 | 345344 | I041678 | $ 1,350.00 | $ - | $ 1,350.00 |
| 08066 | 345345 | I041660 | $ 630.00 | $ - | $ 630.00 |
| 08066 | 345346 | I041794 | $ 570.00 | $ - | $ 570.00 |
| 08066 | 345347 | I041674 | $ 553.52 | $ - | $ 553.52 |
| 08066 | 345348 | I041800 | $ 875.70 | $ - | $ 875.70 |
| 08066 | 345349 | I041677 | $ 240.00 | $ - | $ 240.00 |
| 08066 | 345350 | I041664 | $ 1,026.00 | $ - | $ 1,026.00 |
| 08066 | 345351 | I041819 | $ 1,224.00 | $ - | $ 1,224.00 |
| 08066 | 345352 | I041672 | $ 472.50 | $ - | $ 472.50 |
| 08066 | 345353 | I042688 | $ 618.75 | $ - | $ 618.75 |
| 08066 | 345354 | I041668 | $ 675.00 | $ - | $ 675.00 |
| 08066 | 345355 | I041792 | $ 450.00 | $ - | $ 450.00 |
| 08066 | 345356 | I041790 | $ 280.00 | $ - | $ 280.00 |
| 08066 | 345357 | I041799 | $ 1,612.50 | $ - | $ 1,612.50 |
| 08066 | 345358 | I041842 | $ 331.50 | $ - | $ 331.50 |
| 08066 | 345359 | I041669 | $ 1,440.00 | $ - | $ 1,440.00 |
| 08066 | 345360 | I041788 | $ 1,470.00 | $ - | $ 1,470.00 |
| 08066 | 345785 | I041808 | $ 1,740.00 | $ - | $ 1,740.00 |
| 06570 | 345786 | I041778 | $ 8,816.00 | $ - | $ 8,816.00 |
| 06570 | 345786 | C007529 | $ (200.00) | $ - | $ (200.00) |
| 06570 | 345801 | I041770 | $ 10,200.00 | $ - | $ 10,200.00 |
| 08066 | 345802 | I041659 | $ 3,750.00 | $ - | $ 3,750.00 |
| 06570 | 345803 | I041760 | $ 60.00 | $ - | $ 60.00 |
| 06570 | 345806 | I041690 | $ 8,506.80 | $ - | $ 8,506.80 |
| 08066 | 345807 | I041810 | $ 1,338.75 | $ - | $ 1,338.75 |
| 06570 | 345808 | I041486 | $ 61.20 | $ 61.20 | $ - |

EXHIBIT

A

| | | | | | | |
|---|---|---|---|---|---|---|
| 06570 | 345814 I042693 | $ | 33,496.50 | $ | - | $ | 33,496.50 |
| 08066 | 345815 I041729 | $ | 4,110.00 | $ | - | $ | 4,110.00 |
| 06570 | 345816 I042700 | $ | 164.40 | $ | - | $ | 164.40 |
| 08066 | 345817 I041728 | $ | 3,630.00 | $ | - | $ | 3,630.00 |
| 06570 | 345818 I041507 | $ | 108.90 | $ | - | $ | 108.90 |
| 06570 | 345819 I042178 | $ | 23,631.30 | $ | - | $ | 23,631.30 |
| 06570 | 345832 I041772 | $ | 6,886.00 | $ | - | $ | 6,886.00 |
| 08066 | 345833 I041849 | $ | 1,089.00 | $ | - | $ | 1,089.00 |
| 06570 | 345834 I043309 | $ | 66.00 | $ | - | $ | 66.00 |
| 08066 | 345837 I041796 | $ | 1,830.00 | $ | - | $ | 1,830.00 |
| 06570 | 345838 I042595 | $ | 14,054.40 | $ | - | $ | 14,054.40 |
| 06570 | 345839 I041759 | $ | 73.20 | $ | - | $ | 73.20 |
| 06570 | 345844 I042853 | $ | 15,694.80 | $ | - | $ | 15,694.80 |
| 06570 | 345844 I042330 | $ | - | $ | - | $ | - |
| 06570 | 345845 I041483 | $ | 69.60 | $ | 69.60 | $ | - |
| 08066 | 345846 I041731 | $ | 2,900.00 | $ | - | $ | 2,900.00 |
| 06570 | 345852 I042717 | $ | 9,591.00 | $ | - | $ | 9,591.00 |
| 08066 | 345853 I042615 | $ | 862.50 | $ | - | $ | 862.50 |
| 08066 | 345855 I042176 | $ | 975.00 | $ | - | $ | 975.00 |
| 06570 | 345856 I041506 | $ | 39.00 | $ | - | $ | 39.00 |
| 06570 | 345857 I042179 | $ | 11,622.00 | $ | - | $ | 11,622.00 |
| 06570 | 345858 I041787 | $ | 3,985.20 | $ | - | $ | 3,985.20 |
| 08066 | 345859 I041670 | $ | 627.30 | $ | - | $ | 627.30 |
| 08066 | 345864 I041663 | $ | 479.70 | $ | - | $ | 479.70 |
| 06570 | 345865 I041492 | $ | 73.80 | $ | 73.80 | $ | - |
| 06570 | 345866 I041696 | $ | 11,734.20 | $ | - | $ | 11,734.20 |
| 06570 | 345874 I041485 | $ | 60.00 | $ | 60.00 | $ | - |
| 06570 | 345875 I041702 | $ | 16,440.00 | $ | - | $ | 16,440.00 |
| 08066 | 345876 I041673 | $ | 1,500.00 | $ | - | $ | 1,500.00 |
| 08066 | 345885 I041661 | $ | 1,755.00 | $ | - | $ | 1,755.00 |
| 06570 | 345886 I041490 | $ | 70.20 | $ | - | $ | 70.20 |
| 06570 | 345887 I041683 | $ | 16,812.90 | $ | - | $ | 16,812.90 |
| 06570 | 345890 I041776 | $ | 5,212.50 | $ | - | $ | 5,212.50 |
| 06570 | 345891 I041753 | $ | 37.50 | $ | - | $ | 37.50 |
| 08066 | 345892 I041845 | $ | 781.25 | $ | - | $ | 781.25 |
| 06570 | 345916 I041679 | $ | 11,982.60 | $ | - | $ | 11,982.60 |
| 06570 | 345917 I041487 | $ | 37.80 | $ | 37.80 | $ | - |
| 08066 | 345918 I041793 | $ | 630.00 | $ | - | $ | 630.00 |
| 08066 | 345928 I041797 | $ | 786.00 | $ | - | $ | 786.00 |
| 06570 | 345929 I041774 | $ | 7,545.60 | $ | - | $ | 7,545.60 |
| 06570 | 345930 I041751 | $ | 39.30 | $ | - | $ | 39.30 |
| 06570 | 345938 I041488 | $ | 94.80 | $ | 94.80 | $ | - |
| 06570 | 345939 I042587 | $ | 34,554.60 | $ | - | $ | 34,554.60 |
| 08066 | 345940 I041892 | $ | 2,567.50 | $ | - | $ | 2,567.50 |
| 06570 | 345943 I041481 | $ | 124.80 | $ | - | $ | 124.80 |
| 06570 | 345944 I041688 | $ | 22,838.40 | $ | - | $ | 22,838.40 |
| 08066 | 345945 I041671 | $ | 3,120.00 | $ | - | $ | 3,120.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 08066 | 345951 | I043316 | $ | 1,947.00 | $ | - | $ | 1,947.00 |
| 06570 | 345952 | I042964 | $ | 8,478.30 | $ | - | $ | 8,478.30 |
| 06570 | 345953 | I041491 | $ | 35.40 | $ | 35.40 | $ | - |
| 08066 | 345969 | I041894 | $ | 1,325.00 | $ | - | $ | 1,325.00 |
| 08066 | 345969 | I047280 | $ | 10.60 | $ | - | $ | 10.60 |
| 06570 | 345970 | I041478 | $ | 127.20 | $ | 127.20 | $ | - |
| 06570 | 345971 | I042600 | $ | 19,482.80 | $ | - | $ | 19,482.80 |
| 06570 | 345978 | I042604 | $ | 108.00 | $ | - | $ | 108.00 |
| 08066 | 345980 | I042619 | $ | 1,350.00 | $ | - | $ | 1,350.00 |
| 06570 | 345984 | I041662 | $ | 16,795.80 | $ | - | $ | 16,795.80 |
| 08066 | 345985 | I041675 | $ | 1,302.00 | $ | - | $ | 1,302.00 |
| 06570 | 345986 | I041493 | $ | 78.12 | $ | 78.12 | $ | - |
| 06570 | 345990 | I043241 | $ | 24,609.00 | $ | - | $ | 24,609.00 |
| 06570 | 345991 | I041504 | $ | 175.50 | $ | - | $ | 175.50 |
| 08066 | 345992 | I043648 | $ | 2,759.25 | $ | - | $ | 2,759.25 |
| 08066 | 345995 | I041857 | $ | 280.50 | $ | - | $ | 280.50 |
| 06570 | 345996 | I041855 | $ | 4,463.25 | $ | - | $ | 4,463.25 |
| 06570 | 345997 | I041495 | $ | 33.00 | $ | 33.00 | $ | - |
| 06570 | 346003 | I041489 | $ | 122.40 | $ | 122.40 | $ | - |
| 06570 | 346004 | I041687 | $ | 25,495.20 | | | $ | 25,495.20 |
| 08066 | 349495 | I040071 | $ | 280.00 | $ | 280.00 | $ | - |
| 08066 | 350708 | I040176 | $ | 790.00 | $ | 790.00 | $ | - |
| 08066 | 357693 | I041805 | $ | 1,650.00 | $ | - | $ | 1,650.00 |
| 06570 | 357694 | I041689 | $ | 9,636.00 | $ | - | $ | 9,636.00 |
| 08066 | 367121 | I043306 | $ | 6,916.00 | $ | - | $ | 6,916.00 |
| 08066 | 367153 | I042032 | $ | 688.00 | $ | - | $ | 688.00 |
| 06570 | 367154 | I042033 | $ | 8,600.00 | $ | - | $ | 8,600.00 |
| 08066 | 369178 | I040158 | $ | 1,360.00 | $ | 1,360.00 | $ | - |
| 08066 | 369181 | I040592 | $ | 955.00 | $ | 955.00 | $ | - |
| 17838 | 375963 | I042255 | $ | 964.25 | $ | - | $ | 964.25 |
| 17838 | 375964 | I042253 | $ | 285.00 | $ | - | $ | 285.00 |
| 06570 | 385625 | I041484 | $ | 830.00 | $ | - | $ | 830.00 |
| 06570 | 385625 | C007525 | $ | (155.00) | $ | - | $ | (155.00) |
| 08066 | 406555 | I042357 | $ | 452.00 | $ | - | $ | 452.00 |
| 08066 | 412873 | I043650 | $ | 6,359.56 | $ | - | $ | 6,359.56 |
| 18329 | 025147-075 | I040622 | $ | 5,612.00 | $ | 5,612.00 | $ | - |
| 18329 | 109589-075 | I043590 | $ | 5,369.50 | $ | - | $ | 5,369.50 |
| | | | $ | 706,492.70 | $ | 141,174.00 | $ | 565,318.70 |

| | | | | |
|---|---|---|---|---|
| 18329 | Anthropologie Europe | $ | 23,410.20 |
| 08066 | Anthropologie Direct | $ | 86,266.30 |
| 17838 | Free People | $ | 1,249.25 |
| 06570 | Anthropologie/Urban Outfitters | $ | 454,392.95 |
| | | $ | 565,318.70 |

| Customer Code | Customer Name | Sales Order Number | Invoice Number | PO | Invoice Date | Invoice Amount | Total Payments & Adjust Applied | Balance | Cheque Amount | Cheque Number | Cheque Date | PO Required | PO Required Description | Outstanding AR Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18328 | HOME TERRAIN AT | 033245 | I040046 | 321068 | 06/25/2013 | 494 | -494 | 0 | 501.8 | 662175 | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 033265 | I040052 | 321068 | 06/28/2013 | 7.8 | -7.8 | 0 | 501.8 | 662175 | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 033024 | I041060 | 353533 | 08/28/2013 | 828 | -828 | 0 | 5511.51 | 667470 | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 032670 | I041157 | 337117 | 08/29/2013 | 4751.31 | -4683.51 | 67.8 | 5511.51 | 667470 | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 032681 | I041992 | 337119 | 09/24/2013 | 2579.91 | 0 | 2579.91 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 035518 | I042899 | 418038 | 10/11/2013 | 420 | 0 | 420 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 032680 | I043917 | 337118 | 10/30/2013 | 5735.67 | 0 | 5735.67 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 033025 | I043918 | 353534 | 10/30/2013 | 966 | 0 | 966 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 036190 | C006833 | | 11/05/2013 | -3 | 0 | -3 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 035644 | I044436 | 425621 | 11/08/2013 | 1000 | 0 | 1000 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 038473 | I047281 | 321068 | 02/25/2014 | 7.8 | 0 | 7.8 | | | | Y | Yes | 10778.18 |
| 18328 | HOME TERRAIN AT | 0032680 | C007531 | | 02/25/2014 | -67.8 | 0 | -67.8 | | | | Y | Yes | 10778.18 |
| | | | | | | 16790.49 | | 10,706.38 | | | | | | |

EXHIBIT

B

TERMS AND CONDITIONS OF SALE

1. ENTIRE AGREEMENT. This form contains the entire Agreement between the parties and supercedes all other Agreements, express or implied, oral or written. ANY TERMS OR CONDITIONS CONTAINED IN ANY DOCUMENT OR CORRESPONDENCE OF THE CUSTOMER WHICH ARE NOT STATED HEREIN SHALL BE OF NO EFFECT AND THE CUSTOMER ACCEPTS THIS AGREEMENT WITHOUT SUCH CUSTOMER TERMS OR CONDITIONS. This agreement may be modified only by a writing signed by both parties. Any promises or representations not incorporated in the agreement shall be of no effect.

2. DELIVERY. Any delivery or shipment date stated on the front of this form is an estimate only, and any non-material delay shall not relieve the Customer of the obligation to accept delivery. Checkpoint may make shipments and the Customer agrees to accept delivery in installments.

3. PAYMENT. Unless otherwise stated, all payments are due in full, thirty (30) days after the date of invoicing, which may be the same as the date of shipment. If shipment is made in installments, then each installment may be invoiced separately and shall be paid for as provided in this paragraph 3.

4. INTEREST. Any monies remaining unpaid when due shall bear until paid interest at the rate of 18% per year or the maximum rate permitted by law, whichever is lower.

5. TAXES. The Customer shall be liable for, and pay, in addition to the sales price(s) stated on the front of this form, any taxes, including excise tax, sales tax or the like, imposed on the purchase or use of the goods. Failure to state any such tax on this form shall not relieve the Customer of this obligation, which shall also survive delivery, acceptance and payment of the invoice.

6. LIMITED WARRANTY. Checkpoint warrants for a period for new or used equipment as stated in a quotation or proposal after delivery that any System(s) purchased under this agreement will be free from defects in workmanship and materials, provided that installation and service on such System(s) during such period has been performed only by Checkpoints authorized representatives. Checkpoints sole obligation under this limited warranty shall be to repair or replace the defective system, or parts thereof. During each period, Checkpoint will, at its own expense, service and maintain any System(s) purchased under this agreement. Checkpoint also warrants for a period as defined in the quotation or proposal that tags/labels purchased under this agreement will be free from defects in workmanship and materials. Checkpoint sole obligation under this limited warranty shall be to replace the defective tags/labels.

7. EXCLUSION OF OTHER WARRANTIES AND LIABILITIES. EXCEPT FOR PATENT MATTERS WHICH ARE COVERED IN PARAGRAPH 10, THE LIMITED WARRANTY STATED IN PARAGRAPH 6 SHALL BE IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ON ANY SYSTEM, TAGS, LABELS, ACCESSORIES, AND OTHER GOODS OR SERVICES PURCHASED UNDER THIS AGREEMENT. IN NO EVENT, INCLUDING IN THE CASE OF A CLAIM FOR NEGLIGENCE, SHALL CHECKPOINT BE LIABLE FOR INCIDENTAL, SPECIAL, EXEMPLARY, OR CONSEQUENTIAL DAMAGES FROM WHATEVER CAUSE, AND INCLUDING BUT NOT LIMITED TO LOSS OF BUSINESS.

8. NOTICE OF CLAIMS: RETURNS. For claims and returns for tags/labels, please refer to the separate CheckNet Return Policy. For all other products, the claims resulting from an alleged breach of warranty shall be made in writing and sent by certified or registered mail. No claim shall be allowed if made later than five (5) days after the Customer learns or should have learned of the alleged defect, giving rise to the claim. No goods may be returned to Checkpoint except pursuant to an alleged breach of warranty and unless proper notice of claim has been given by the Customer and return authorization issued by Checkpoint. In the event it is determined that Checkpoint has no liability with respect to such claim, the Customer shall be liable for Checkpoints costs in handling and storing the returned goods.

9. PATENTS. Checkpoint warrants that goods purchased hereunder will, when installed, be free of any claim of infringement of a United States Patent

EXHIBIT
C
tabbies

issued prior to the date of this Agreement. If promptly notified in writing, and given authority, information and assistance by the customer, Checkpoint will defend or may settle at its expense any suit against the Customer based on such claim of infringement and pay any damages awarded as a result. Checkpoint may also replace the accused goods with ones which are non-infringing, or as a last resort remove these goods. The foregoing states Checkpoints entire obligation regarding patents. However, Checkpoint shall have no such obligation at all for any goods specified or designed by the Customer, or for any use different from that for which the goods are normally intended, or for any use in combination with other goods not furnished by Checkpoint. In such instances, the Customer assumes the patent liability and will hold Checkpoint harmless against any infringement claim.

10. SHIPMENT TERMS; RISK OF LOSS. Shipment shall be by independent carrier. F.O.B. Checkpoints place of business. Risk of loss shall shift from Checkpoint to the Customer upon delivery of the goods to the carrier.

11. ASSIGNMENT. This Agreement and all rights of Checkpoint hereunder shall be assignable by Checkpoint in whole or in part. The Customer shall not assign this agreement, or rights thereunder, without Checkpoints written approval, which shall not be unreasonably withheld.

12. PROVISIONS SEPARABLE. The provisions of this Agreement are independent of and separable from each other, and no provision shall be rendered invalid or unenforceable by virtue of the fact that for any reason any other or others of them may be invalid or unenforceable in whole or in part. GOVERNING LAW. This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania, not withstanding any conflict-of-laws doctrine of any jurisdiction to the contrary.

Revised 12/22/03

Cody Foster & Co. by:

Diane Foster        Date:June 20, 2006

Vice President

## TERMS OF PURCHASE AGREEMENT

**SHIP AS DIRECTED – DO NOT DEVIATE**
**SHIPPERS ARE HELD RESPONSIBLE FOR FAILURE TO COMPLY**

### URBAN OUTFITTERS, INC.
(Hereinafter referred to as the Company)

1. This order is subject to all terms and conditions printed on the purchase order.

2. All discount terms shall be computed from the date of receipt of goods; invoices dated the 25th or after are considered as of the 1st of the following month.  Due date shall be considered extended without loss of discount until invoice is received.  Any offsetting claim of the Company against Vendor shall be deducted by the Company from the amount of this purchase order at the time of payment.

3. All orders are void unless given in writing on Company's printed forms and approved by an executive of the Company.

4. This order must be accepted according to the terms stated herein and the stating of additional or different terms will be deemed to constitute a rejection of this order.  If no notification is given Company within five days after receipt of this order, or if shipment is made of any part thereof, it is understood that the terms and conditions of this offer are satisfactory to and are accepted by Vendor. Performance of this order must be in accordance with its terms, dating and conditions, and there can be no changes or alterations unless in writing and signed by a duly authorized person of Company. In addition to all other legal rights, Company reserves the right to cancel this order and/or to return at Vendor's expense, all or any part of the merchandise in the event the merchandise is defective, or not fit for the purpose intended, or sent in excess of this order or varying from the sample from which or specifications for which the order was placed or for failure to comply with Company's shipping or billing instruction or with any of the provisions of this order and to retain such of the merchandise as is satisfactory.  If, prior to shipment, there is any reduction in the Vendor's regular selling price for the merchandise described herein, the price specified herein will be reduced to the Vendor's regular selling price prevailing at the time of shipment for such merchandise. Further, the Company reserves the right to revoke or cancel this order at any time prior to delivery, should the Company's requirements change.  In the event Vendor has shipped merchandise in accordance with delivery instructions specified herein and prior to such revocation or cancellation, when the Company revokes or cancels this order it shall be responsible for reasonable transportation costs.

5. Time of delivery at Company's store is of the essence of this contract, and Company reserves the right to cancel all or any part of this order if merchandise is not delivered on the date or dates specified herein, but acceptance in such cases shall in no way bind Company to accept further deliveries on any order.  Any such merchandise received after the date or dates specified on the order will be held subject to the Company's right to reject or direct disposal of all or any part thereof. Acceptance of merchandise after the date or dates specified for delivery shall not be construed as a waiver of Company's right to recover for late delivery.  Cure of a non-conforming tender may be made only with the express written consent of Company.  Risk of loss or damage shall pass to



Company when the merchandise sold there under arrives at the final destination indicated on the face hereof.  All transportation costs resulting from deviation from shipping instructions and any other costs incurred by the company because of Vendor's non-compliance with the terms and conditions of this agreement shall be charged to Vendor's account.  Acceptance of any merchandise shipped before the specified "Do not ship before" date or after the last specified date of shipment shall be at the Company's option and return of any merchandise because of failure to deliver on time or to conform to the specifications of the order shall be at Vendor's expense and charged to Vendor's account.  If the Company elects to accept any such early shipments, a handling charge of 2% for each advance month or fraction thereof shall be charged to the Vendor's account.  If the Company elects to accept a shipment after the date canceled, a handling charge of 2% shall be charged to the Vendor's account.

6.  Vendor expressly warrants that the merchandise to be delivered under this order will conform to the sample from which or specifications for which the order was placed and will be of the best material and workmanship free from defect and merchantable.

7.  Company shall be under no duty to inspect goods before resale, repackaging or culling up for purchase and resale shall not be considered an acceptance of the goods so as to bar Company's right to reject them.  Complaints, notice of defects in merchandise or notice of any other breach will be considered made within a reasonable time if made a reasonable time after notification is given Company of such defects or other breach by Company's customers.  The return of such defective merchandise shall not relieve Vendor from liability for failing to ship satisfactory merchandise under the contract.  Failure of Company to state a particular defect upon rejection shall not preclude Company from relying on unstated defects to justify rejection or establish breach.

8.  Company reserves the right to return at Vendor's expense any merchandise and cancel this contract where a claim is made that the sale by Company infringes any alleged patent, design, trade name, trademark or copyrights.  Vendor agrees to indemnify Company and hold it harmless against any and all liability loss or expense, including costs and counsel fees, by reason of any design, patent, trade name, trademark, copyright or unfair competition litigation now existing or hereafter commenced with respect to any or all items covered by this order.

9.  Vendor agrees to indemnify Company and save it harmless from all liability claims, suits and actions which may be made or brought against it by virtue of claims or demands of any kind which any purchaser of such merchandise from Company or any other person may make against Company arising from the sale or use of such merchandise or from any defects in the quality of such merchandise or the dangerous conditions thereof, and agrees to pay any judgment against and assume any liability or expense of Company in connection with any such claim.  Vendor shall procure and maintain adequate products liability insurance and shall furnish to Company certificates thereof in connection with this order.

10. Vendor, by accepting this order, represents and warrants and guarantees that all applicable provisions of federal, state and local laws, ordinances, codes and regulations have been complied with and that the prices and other terms and conditions of sale and the terms on which all promotional and advertising matter are furnished by Vendor to Company comply with all such laws, ordinances, codes and regulations.  Without limiting the generality of the foregoing, but as examples, Vendor represents, warrants and guarantees and Vendor agrees to provide Company with a signed guaranty in the form, if any, prescribed by the respective Acts as part of Vendor's invoice before payment without loss of discount is required to be made under the terms of this order, that the

weights, measures, sizes, legends, words, particulars or descriptions, if any, stamped, printed or otherwise attached to the merchandise or containers or referring to the merchandise delivered hereunder are true and correct and comply with law, the merchandise delivered pursuant to this order conforms and complies with the applicable provisions of the Fur Products Labeling Act, Wool Products Labeling Act, the Flammable Fabrics Act, the Textile Fibers Products Identification Act, the wage, hour and child labor provisions of the Fair Labor Standards Act, the Robinson-Patman Act, and the Federal Food, Drug and Cosmetics Act, the merchandise sold and the terms and conditions of sale conform with applicable Federal Trade Commission trade practice rules, if any, the merchandise sold complies with applicable labeling and invoicing laws, if any, and all advertising matter furnished by Vendor to Company complies with law. Vendor agrees to reimburse Company against all losses, expenses and damages arising from violation or alleged violation of law. The Company reserves the right to return any portion of this shipment or the entire shipment to the Vendor at the Vendor's expense whenever any of the terms or conditions of the purchase agreement are violated or not fully complied with.

11. Vendor and suppliers to Vendor must manufacture products in compliance with all applicable laws and regulations, including environmental and safety laws and regulations.  Only components and products which do not contain parts of any animals currently listed as endangered or protected, or which are not otherwise prohibited by United States law or regulation, may be used in the manufacturing process.

12. Vendor and its suppliers are required to meet the following standards and conditions of employment: employees must be 15 years of age or older, unless local minimum age law stipulates a higher age for work or mandatory schooling, in which case the higher age would apply.  If, however, local minimum age law is set at 14 in accordance with developing country exceptions under ILO Convention, 138, the lower age would apply;  manufacturing workers must be voluntarily employed and cannot be prisoners or any other kind of forced labor; corporal punishment or any other kind of mental or physical coercion may not be used on manufacturing workers; hiring decisions must be based on the prospective employee's ability to do the job and may not be based on race, religion, gender, age, sexual orientation, disability, nationality, political opinion or union membership; national laws regarding minimum wage, overtime, hour and benefit laws must be complied with; employees must be furnished with safe and healthy working conditions in compliance with local laws; behavior, including gestures, language and physical contact, that is sexually coercive, threatening, abusive or exploitative will not be permitted.

13. Vendor guarantees and warrants that the merchandise shall comply with the standards of Underwriters Laboratories, Inc. and of the Department or Board of Building and Safety of the city to which such merchandise may be shipped and resold, and that said merchandise will be labeled to bear this stamp of approval.  Each invoice for merchandise must bear written certification that the goods listed thereon were produced in compliance with all applicable requirements of the Fair Labor Standards Act and regulations and orders of the United States Department of Labor.   The Company assumes no responsibility for delay in payment resulting from failure to comply with the above.

14. Vendor shall pay and assume any and all taxes, fees, imposts, or stamps required by law by virtue of the sale of merchandise to Company, including payment of all sums on account of Unemployment or other Social insurance and Old Age Benefits under law.

15. Inclusion herein of express warranties and representations by Vendor shall not be deemed a waiver of such other warranties as may be implied in law or fact or provided for by any State or Federal

statue or regulation.  Any warranties, express or implied, shall survive inspections, acceptance and payment by Company and Company's customers.  No amendment, modification or waiver of any of the terms and conditions of this order shall be effective unless in writing and signed by an officer of the Company.  No waiver of any breach or of any terms or conditions of this order shall be construed a waiver of any subsequent breach of that term or condition or other term or condition of same or different nature of this or any other order or contract.

16. Discontinuance of or substantial interference with Company's business in whole or in part, by reason of fire, flood, earthquake, tempest, labor dispute, war, act of God, embargo, civil commotion, or governmental regulation or cause beyond Company's control will give it the option of canceling all or any part of undelivered orders or unfilled parts thereof.

17. This order, and any right or obligation there under, is not assignable without the written consent of Company, nor shall Company be under any obligation to recognize any assignment of monies payable hereunder, nor of any rights in the merchandise ordered herein, nor of any other rights arising hereunder, or to pay any monies or deliver or return any merchandise ordered hereunder to any assignee without like consent.

18. This order and the contract arising there from shall be construed according to the laws of the State of Pennsylvania.

19. All express shipment must be marked "value not exceeding $50," or "value not exceeding 50¢ per lb."  Complete routing must be shown on invoice, bills of lading and cases.  Merchandise shipped in excess of amount of order will be held subject to shipper's order or rejected at the election of the Company.  All back orders prepaid unless otherwise specified.  This order is hereby made subject to the basic trade provisions adopted by the NRMA, which by this reference are incorporated as a part hereof and together herewith constitute the entire contract between the Company and Vendor.

20. All shipments of orders must be in strict compliance with our published shipping instructions.  Any shipments not in compliance will be subject to handling fees and cost-reimbursements via chargebacks to the Vendor's account.

21. The Vendor hereby confirms receipt and understanding of the Principal's Code of Conduct and agrees that protecting workplace human rights is of the utmost importance. The Vendor shall strictly comply with the Code of Conduct and shall ensure that all merchandise purchased hereunder is manufactured and produced by factories/manufacturers that are in compliance thereof. The Vendor shall audit all factories from which merchandise is purchased pursuant to this Agreement for compliance at least once per year and shall keep detailed reports of such audits which shall be delivered to the Principal upon demand. The Agent shall immediately notify the Principal upon learning of any derivation or violation of the Code of Conduct. Failure to completely honor and follow the terms and requirements of this Section is cause for immediate termination of this Agreement without any further notice whatsoever.



CFCO original, 2009

Anthropologie copy, 2013

ORN-388 cfc

CFCO original, 2009

Anthropologie copy, 2013

Exhibit E





CFCO original, 2012

ORN-486-CP-B



Anthropologie copy, 2013



CFCO original, 2008



Anthropologie copy, 2013

PM-177-LPa



CFCO ORIGINAL 2008

TERRAIN COPY 2013

IR-012-I

CFCO ORIGINAL, 2010

URBAN OUTFITTERS 2013

IR-306-S

# DominaLaw Group pc llo
### dominalaw.com

2425 S. 144th St.
Omaha NE 68144-3267

(402) 493-4100

David A. Domina     NE NY MI MO
Brian E. Jorde     MI NE IA
Christopher A. Mihalo     NE
Megan N. Mikolajczyk     NE TX (inactive)
Christian T. Williams     NE IA

March 21, 2014

Alison M. Gutierrez
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Alison.Gutierrez@KutakRock.com

Suzanne M. Shehan
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Suzanne.Shehan@KutakRock.com

Re:     Infringement Notice and Cease and Desist Demand
         Foster.Anthropologie, 8:14-cv-80
         Our File No. 13-0160

Ms. Gutierrez and Ms. Shehan:

1.     As you are already aware we represent Cody Foster & Company of Valentine, Nebraska (Cody Foster) in a legal dispute against Urban Outfitters and its various trade names and subsidiaries. These include Terrain at Home, Free People, Anthropologie, Inc., Anthropologie Direct LLC, URBN UK Ltd and Anthropologie U.K.

2.     Cody Foster is a nationally, and globally, known distributor of Christmas related ornaments and other products. It goes to considerable expense to create original art work, which is used as a basis for the design of its ornaments. Those designs are proprietary. They may not be copied or used without Cody Foster's permission.

3.     It comes to our attention that Urban Outfitters and its subsidiaries are offering several ornaments, for sale, that are identical or virtually identical in appearance to Cody Foster's copyrighted ornament designs. The following table illustrates two examples of Cody Foster designs and offending Urban Outfitter designs:

## Trial Practice.  Not Just Talk.™
### This document prepared exclusively in the USA

Exhibit F

Foster.Anthropologie
March  21, 2014
Page **2** of **7**



CFCO original, 2009

Anthropologie copy, 2013

ORN-388 cfc

CFCO original, 2009

Anthropologie copy, 2013

ORN-546 cfc

C05523

Foster.Anthropologie
March  21, 2014
Page **3** of **7**



MSC-715 cfc

ORN-486 A

Foster.Anthropologie
March  21, 2014
Page **4** of **7**



CFCO original, 2012

ORN-486-CP-B



Anthropologie copy, 2013



CFCO original, 2008

PM-177-LPa



Anthropologie copy, 2013

Foster.Anthropologie
March  21, 2014
Page **5** of **7**



IR-012-I

IR-306-S

Foster.Anthropologie
March  21, 2014
Page **6** of **7**

4.      The obvious, striking similarity of the ornament designs makes it clear Urban
        Outfitters and its subsidiaries have knowingly and intentionally copied Cody
        Foster's copyrighted ornaments. The wholesale copying of Cody Foster's
        proprietary ornament designs constitutes unfair competition and shows willful
        copyright infringement.

5.      Based on the above facts, it is entirely evident that Urban Outfitters and its
        subsidiaries intentionally infringed on the copyrighted works of Cody Foster. At
        no time did Urban Outfitters or its subsidiaries seek permission to make such use
        of the works, despite the fact that Cody Foster could have been easily contacted to
        attempt to negotiate a license. Rather, Urban Outfitters and subsidiaries willfully
        misappropriated the ornaments in a brazen attempt to sidestep paying Cody Foster.

6.      The unauthorized reproduction, manufacture, distribution, and sale of the
        infringing ornaments is in clear violation of the United States Copyright Act and
        various other state unfair competition laws. Infringement under the Copyright Act
        provides up to $150,000 in damages per work, plus an award of attorneys' fees
        and costs. As the owner of the copyright in these ornaments, Cody Foster may
        seek statutory damages, actual damages, and Urban Outfitters and its subsidiaries'
        profits, as well as injunctive relief.

7.      For these reasons, we hereby demand that Urban Outfitters and its subsidiaries:

        7.1     Immediately cease and desist from the actual or intended sale, distribution,
                marketing, reproduction, or other exploitations of Cody Foster's ornaments
                or any other work owned and/or controlled by Cody Foster;

        7.2     Identify any and all works that infringe on any copyrighted works owned
                and/or controlled by Cody Foster;

        7.3     Provide Cody Foster with any and all works that infringe on Cody Foster's
                ornaments or any other copyrighted work owned and/or controlled by Cody
                Foster;

        7.4     Provide the names and addresses of anyone who has supplied Urban
                Outfitters and its subsidiaries with copies of Cody Foster's ornaments, or
                who is otherwise involved in the unauthorized distribution, reproduction, or
                other exploitation of Cody Foster's ornaments;

        7.5     Provide an accounting of all units sold or distributed that are the same as or
                substantially similar to Cody Foster's ornaments or any product that
                consists of or contains any copyrighted work owned and/or controlled by
                Cody Foster, and provide the names and addresses of anyone to whom

C05523

Foster.Anthropologie
March  21, 2014
Page **7** of **7**

       Urban Outfitters and its subsidiaries have supplied copies of Cody Foster's ornaments or any other Cody Foster copyrighted work;

7.6     Make a payment to Cody Foster in an amount to be determined.

8.     Cody Foster cannot and will not tolerate the continuation of this infringement. Please be advised that this firm has been authorized to vigorously pursue Cody Foster's rights within 7 days.

9.     We demand that you contact us immediately regarding this matter.

10.     Nothing in this letter shall be an admission or waiver of any rights or remedies of Cody Foster and/or its affiliates, all of which are expressly reserved.

### Preservation Instruction

11.     I also write to ensure that all evidence bearing on this dispute is preserved. You must take all steps necessary to preserve any and all documents and items, of any kind or nature whatsoever, including electronic data, relating to this dispute. This includes all physical evidence, hard-copy documents and electronically stored information. Electronically stored information includes but is not limited to: email and other electronic correspondence, work processing documents, spreadsheets, data bases, calendars, telephone logs, internet usage files, network access information, and voicemail, hard drives, servers, cell phones, and PDAs.

12.     All documents regarding this dispute, including electronic data, are deemed relevant to this dispute and should not be destroyed. Destruction of evidence may subject you to sanctions and/or adverse instructions in any action that that may arise out of this matter.

Respectfully,

Christian T. Williams
cwilliams@dominalaw.com

CWIL/cwil

cc: Cody Foster & Co., Inc.

C05523