IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CODY FOSTER & CO., INC., a Nebraska corporation, <br><br> Plaintiff, <br><br> v. <br><br> URBAN OUTFITTERS, INC., a Pennsylvania corporation, d/b/a TERRAIN AT HOME and FREE PEOPLE, <br><br> ANTHROPOLOGIE, INC., a Pennsylvania corporation, d/b/a ANTHROPOLOGIE DIRECT, LLC, and <br><br> URBN UK LIMITED, a United Kingdom corporation, d/b/a ANTHROPOLOGIE U.K., <br><br> Defendants. | Case No. 8:14-cv-80 <br><br><br> **ORDER** |

THIS MATTER came before the Court on February 19, 2015 upon the oral motion (the "Motion") of Defendants Urban Outfitters, Inc., Anthropologies, Inc. and URBN UK Limited (collectively, "Defendants") to compel responses by Plaintiff Cody Foster & Co., Inc. to Defendant Urban Outfitters, Inc.'s First Set of Interrogatories to Plaintiff and Defendants' First Set of Requests for Production of Documents to Plaintiff. The Court, being fully advised, hereby finds as follows:

IT IS HEREBY ORDERED that Defendants' Motion is granted, in part, and denied, in part, as follows:

1. <u>Interrogatory No. 3</u>

4837-8813-7506.1

Defendants seek to compel Plaintiff's response to Interrogatory No. 3, which asks Plaintiff to "[i]dentify any social media site(s) or account(s) which [Plaintiff] or its employees have used to post or exchange information for the past two years."

Plaintiff is ordered to conduct a search for any social media sites or accounts that Plaintiff or its employees have used to post or exchange information for the past two years, describe in detail the parameters of its search and identify all social media sites or accounts located as a result of its search.

2. Request for Production No. 19

Defendants seek to compel Plaintiff's response to Request for Production No. 19, which requests "[Plaintiff's] income tax returns, including any supporting documentation, from 2010 to the present."

Plaintiff is ordered to produce its tax returns for the years 2011 through 2014. The tax returns are to be produced for attorneys' eyes only. Defendants must obtain permission from the Court prior to disclosing the tax returns to anyone other than their attorneys or otherwise using them in this proceeding.

3. Request for Production No. 20

Defendants seek to compel Plaintiff's response to Request for Production No. 20, which requests "[Plaintiff's] financial statements which show gross revenue, net revenue, profits, profit margin, balance sheets, profit and loss statements and other financial statements from 2010 to present."

The Court finds that any relevant information contained within documents responsive to this Request is likely to be contained within the tax returns responsive to Request No. 19. As such, Plaintiff is not required to produce documents responsive to this Request.

4.  Request for Production No. 48

Defendants seek to compel Plaintiff's response to Request for Production No. 48, which seeks "[a]ny and all documents which evidence or otherwise relate to the damages Plaintiff is claiming in this action."

Plaintiff is ordered to produce any documents that evidence or otherwise relate to its claim for damages that have not already been produced in this matter, including its claim for actual damages resulting from Defendants' alleged copyright infringement. Specifically, if Plaintiff possesses documentation containing performance data related to the ornaments that are the subject of Plaintiff's copyright claim, Plaintiff must produce such documents. If Plaintiff does not possess any performance data for the subject ornaments or other documents evidencing or relating to its claim for actual damages, Plaintiff must confirm this in writing.

5.  Requests for Production Nos. 10 and 11

Defendants seek to compel Plaintiff's response to Request for Production Nos. 10 and 11. Request for Production No. 10 seeks "[a]ny and all documents related to any statement, claim, assertion, representation and/or expression of fact or opinion that [Plaintiff] had copied the designs of another artist or designer." Request for Production No. 11 seeks "[a]ny and all documents which evidence or otherwise relate to any claim, complaint, representation, and/or expression of fact or opinion made by any person or entity that [Plaintiff's] merchandise infringes any copyright, patent, design, trade name, or trademark, or any similar offense, during the past five (5) years."

Plaintiff is ordered to produce documents related to any claims, complaints, assertions, representations and/or expressions of fact or opinion responsive to Request Nos. 10-11 made during 2013.

6. <u>Request for Production No. 23</u>

Defendants seek to compel Plaintiff to respond to Request No. 23 which seeks "[a]ll documents which evidence or otherwise relate to any product, merchandise, or work of art created by any other artist that [Plaintiff] or anyone affiliated with [Plaintiff] viewed on the internet or purchased within the past five (5) years."

Plaintiff is not required to respond to this Request due to the Court's concerns regarding its over breadth and relevance. This ruling is without prejudice to Defendants' right to submit a revised or narrowed request involving some of the information in Request for Production No. 23.

Plaintiff shall serve the responses required by this Order within fourteen (14) days from the date of this Order.

February 24, 2015.　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Cheryl R. Zwart
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

4