IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CODY FOSTER & CO., INC., a Nebraska corporation;<br><br>    Plaintiff,<br><br>    vs.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania Corporation; ANTHROPOLOGIE, INC., a Pennsylvania Corporation; and URBN UK LIMITED, a United Kingdom Corporation;<br><br>    Defendants. | 8:14CV80<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on Plaintiff's Motion for Leave to File a Fifth Amended Complaint, (Filing No. 64). For the reasons set forth below, the motion will be denied.

BACKGROUND

    Plaintiff filed its Fourth Amended Complaint on October 3, 2014. (Filing No. 22). The Fourth Amended Complaint alleges claims based on Defendants' alleged breach of various contracts for the sale of ornaments. The second claim is based on Defendants' alleged infringement of rights under United States copyright laws with respect to certain ornaments. That is, Plaintiff alleges Defendants reproduced and sold certain ornament designs in violation of the Copyright Act. The ornaments identified in the Fourth Amended Complaint are: (1) ORN-388 Deer Globe Ornament; (2) ORN-546 Pine Owl Ornament; (3) MSC-715 Jingle Garland; (4) ORN-486 Alphabet Ornaments; and (5) IR-306-S Sacred Heart. (Filing No. 22, ¶ 50 at CM/ECF p. 9).

Under the court's progression order, (Filing No. 24), Plaintiff's deadline to file further motions to amend pleadings expired on November 5, 2014. Plaintiff filed its motion for leave to file a Fifth Amended Complaint on March 19, 2015. (Filing No. 64).

The proposed Fifth Amended Complaint would significantly change the Fourth Amended Complaint. It asserts new theories of recovery based on breach of implied warranty of good faith and fair dealing, false advertising, violations of the Nebraska Consumer Protection Act and unjust enrichment, and it identifies eleven (11) additional ornaments supporting Plaintiff's copyright infringement claims.

The new ornaments and the effective registration date of Plaintiff's copyright are :

- ORN-007 Victorian Whale Orn (September 10, 2013)
- ORN-007-PR Victorian Whale Orn-Pearl (September 10, 2013)
- ORN-922 Tiny Whale Orn - 3 Asst (July 26, 2013)
- T0-013 French Bulldog Globe Orn (November 6, 2014)
- ORN-093 Fox Orn (November 6, 2014)
- C0-139 Gleaming Eiffel Tower (November 7, 2014)
- ORN-424 Polar Bear Orn (November 7, 2014)
- ORN-943 Itty Bitty Swan Orn (Request made November 6, 2014)
- T0-363-L Geode Orns Large 6 Asst (August 7, 2013)
- T0-363-S Geode Orns Small 7 Asst (August 7, 2013)

Defendants oppose Plaintiff's the motion to amend in its entirety.

ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006). Where there is "no change in the law, no newly discovered facts, or any other changed circumstance," the court will generally not find good cause to amend.

Plaintiff's proposed amendments would: (1) add new legal theories of recovery; and (2) identify 11 additional ornaments encompassed within Plaintiff's currently alleged copyright infringement claims. With respect to the new legal theories, Plaintiff presents no evidence explaining why these allegations could not have been raised before the November 5, 2014 deadline passed. Rather, Plaintiff focuses on factors like judicial economy, good faith, and lack of prejudice to the Defendant. But under Sherman, the court must first consider whether the Plaintiff exercised due diligence to comply with the scheduling order. The Plaintiff has failed to meet its burden of demonstrating due diligence, and it will not be allowed to amend its complaint to add the proposed additional theories of recovery.

As to the 11 additional ornaments, Plaintiff asserts the allegedly infringement of these ornaments was not discovered until "late 2014." (Filing No. 64-2, ¶ 8 at CM/ECF p. 3). Plaintiff argues "it was not possible to organize the necessary information to file an amended complaint within the timeframe set by this Court and avoid delays in the

3

discovery process." Id. Plaintiff also claims it was able to discover the new ornaments only by visiting Defendants' websites, reviewing other advertisements, or visiting the stores. ([Filing No. 64-2](), ¶ 9 at CM/ECF p. 3).

Based on the evidence of record, the alleged infringement of the 11 newly identified ornaments was discovered before the November 5, 2014 deadline expired. But Plaintiff did not believe it had time to gather the information and put together an amended complaint in the time permitted. Plaintiff states it the copyrights for the ornaments had to be registered prior to filing its amendment. However, many of the copyright registrations were filed in 2013, with the very latest registered as of November 7, 2014. Plaintiff does not explain it delay from November of 2014 until March 19, 2015 to move to amend the complaint.

Plaintiff does not elaborate on when in "late in 2014" it began to find the additional ornaments; how often it checked defendants' marketing materials to determine if additional alleged copyright violations had occurred; or what additional information it had to gather to put together the amended complaint. And perhaps most importantly, if it became aware of the additional ornaments prior to the expiration of the motion to amend deadline, why did Plaintiff not move to amend that deadline and provide Defendants and the court with a proposed schedule for filing a proposed amended complaint? If the plaintiff was attempting to diligently comply with the scheduling order, any difficulties in meeting that deadline could have been raised before the court long before March 19, 2015.

Plaintiff's strongest argument for leave to file yet another amended complaint is judicial economy. It is true that if Plaintiff is denied leave, it may file another lawsuit as to the additional 11 ornaments, and then attempt to have the current and later-filed

4

actions consolidated.[1] And Defendants may ultimately regret resisting the Plaintiff's motion to amend this case because more time and resources may be needed to litigate two separate cases, or even two separately filed but consolidated cases. However, Sherman makes little room for the court to consider judicial economy and prejudice, or the lack thereof, without an threshold showing of due diligence.

As with its efforts to raise additional theories of recovery, Plaintiff has failed to make the necessary showing of diligence with respect to the new ornaments.

Accordingly,

IT IS ORDERED, Plaintiffs Motion for Leave to File a Fifth Amended Complaint, (Filing No. 64), is denied.

May 4, 2015.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge

---

[1] Consolidation is not a foregone conclusion, particularly with one case approaching trial and the other not even filed.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.