IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CODY FOSTER & CO., INC., a Nebraska corporation;<br><br>        Plaintiff,<br><br>    vs.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania Corporation; ANTHROPOLOGIE, INC., a Pennsylvania Corporation; and URBN UK LIMITED, a United Kingdom Corporation;<br><br>        Defendants. | **8:14CV80**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the following motions:

- Defendants' Motion to Compel, (Filing No. 89);
- Defendants' Motion to Reconsider, (Filing No. 110), the undersigned's order, (Filing No. 105);
- Defendants' Motion to Compel, (Filing No. 139);
- Plaintiff's Motion to Compel, (Filing No. 142);
- Defendants' Objection to Notice of Depositions, (Filing No. 86); and
- Plaintiff's Motion to File Under Seal, (Filing No. 102).

Each of the motions are addressed below.

BACKGROUND

Plaintiff Cody Foster & Co., Inc. ("Cody Foster") is a Nebraska corporation with its principal place of business in Nebraska. A part of Cody Foster's business involves the sale of Christmas ornaments to retailers nationally. Defendant Urban Outfitters, Inc.

("Urban Outfitters") is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant Anthropologie, Inc. ("Anthropologie") is a Pennsylvania corporation with its principal place of business in Pennsylvania and is a subsidiary of Urban Outfitters, Inc. Defendant URBN UK, Ltd. ("URBN") is a United Kingdom Corporation and is a subsidiary of Urban Outfitters.

In 2013, Cody Foster entered into numerous sales contracts with Defendants for the sale of ornaments purportedly created by Cody Foster. In turn, Defendants would sell the ornaments through its retail stores and via the internet. All orders placed by Defendants were governed by the Terms of Purchase Agreement (the "Purchase Agreement") with Urban Outfitters.

The Purchase Agreement required Cody Foster to comply with "all applicable copyright . . . unfair competition and all other intellectual property laws." (Filing No. 91-2 at CM/ECF p. 3) It also contained a provision allowing Urban Outfitters to "return . . . any merchandise and cancel this contract where a claim is made that the sale by [Cody Foster] infringes any alleged . . . design . . . or copyrights." (Filing No. 91-2 at CM/ECF p. 2).

In October of 2013, San Francisco based artist Lisa Congdon publically accused Cody Foster of stealing her artwork and reproducing it in the form of holiday ornaments. Congdon also apparently made it clear she desired retailers who purchased ornaments from Cody Foster to be aware of her accusations and that she was initiating legal action due to the alleged infringements. Congdon's public remarks led other independent artists, including Cassandra Smith, to come forward with claims of their own regarding Cody Foster's improper use of their work. Urban Outfitters received a specific complaint from Smith regarding the infringement of her work. (Filing No. 91-5). Shortly after these artists' complaints surfaced, several retailers severed ties with Cody Foster and returned

its merchandise. Urban Outfitters received several complaints claiming the Cody Foster merchandise included copies of other artists' designs. ([Filing No. 91-9](#))

Presumably as a result of the accusations of infringement against Cody Foster, Urban Outfitters sought assurances from Cody Foster that all of its works were based on original designs. Cody Foster provided Urban Outfitters with "product development sheets" for some of the ornaments ordered by Urban Outfitters. However, these sheets did nothing to allay Urban Outfitter's concerns. To the contrary, Urban Outfitters believed the product development sheets raised additional concerns Cody Foster's work was not original.

On or around October 24, 2013, Defendants informed Cody Foster they were terminating the Purchase Agreement. Defendants sought to return all previously purchased and unsold Cody Foster merchandise, and they refused to accept additional shipments of merchandise from Cody Foster. Cody Foster did not accept the return of goods previously purchased by Urban Outfitters.

Cody Foster initiated this law suit in the District Court of Douglas County, Nebraska on January 21, 2014. Defendants subsequently removed the case to this court on March 10, 2014. Cody Foster alleges Defendants breached the Purchase Agreement. Additionally, Cody Foster has asserted a copyright infringement claim of its own, alleging it has the exclusive right to reproduce and distribute the ornaments it created. And Cody Foster asserts Defendants use and sell ornaments which infringe of Cody Foster's exclusive rights under the Federal Copy Right Act. These ornaments include:

    1)    Deer Globe Ornament    ORN-388
    2)    Pine Owl Ornament    ORN-546
    3)    Jingle Garland    MSC-715

    4)      Alphabet Ornament      ORN-486

    5)      Sacred Heart      IR-306-S

Defendants asserted several affirmative defenses and counterclaims. Included are counterclaims based on breach of contract, breach of express warranty, breach of implied warranty under U.C.C. § 2-312(3), breach of implied warranty of good faith and fair dealing, breach of the Nebraska Consumer Protection Act, false advertising, and unjust enrichment. Many of these counterclaims, and some of the affirmative defenses, are based upon Cody Foster's alleged use of the protected artwork of independent artists including Congdon and Smith.

This litigation has been subject to multiple discovery disputes. On April 23, 2015, Defendants filed a notice to take Congdon's deposition. (Filing No. 85). The undersigned conducted a telephonic status conference on April 23, 2015 in an attempt to resolve the discovery disputes. The parties could not reach an accord on the discovery as it related to Congdon and Smith and the documents related to Congdon and Smith's earlier copyright disputes with Plaintiff. Plaintiff raised an oral motion to quash the depositions of Congdon and Smith during the status conference. Because the depositions of Congdon and Smith were to occur on May 11, 2015, the court ordered an expedited briefing schedule on the unresolved discovery issues.

On April 28, 2015, Defendants filed a motion to compel the production of "documents relating to the design, development or manufacture of the items that were the subject of infringement allegations against Cody Foster in October of 2013" and argued in opposition Plaintiff's oral motion to quash. (Filing No. 89). On April 29, 2015, Defendants filed a notice to take the deposition of Smith. (Filing No. 92). In response, Plaintiff filed a brief in support of its oral motion to quash the depositions of Congdon and Smith and filed an objection to Plaintiff's motion to compel the production of

documents related to any past copyright violations asserted by Congdon and Smith. (Filing No. 101).

On May 11, 2015, the undersigned issued a ruling addressing only the portion of the discovery dispute relating to the noticed depositions of Congdon and Smith. The court determined Congdon and Smith could not provide information relevant to the law suit and effectively quashed the depositions.[1] (Filing No. 105).

Defendants filed an objection to the undersigned's order and included a detailed brief and a substantial amount of evidence. Because the Defendants' motion contained evidence and argument the court was not able to fully consider prior to issuing the order on May 11, 2015, the Hon. John M. Gerrard re-characterized Defendants' motion as a Motion to Reconsider the magistrate's ruling, (Filing No. 110). The Motion for Reconsideration and the various other discovery motions identified above are now before the court.

## ANALYSIS

The scope of permissible discovery is extremely broad and parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). "A request for discovery should be

---

[1] As Defendants correctly note, the court erroneously characterized the dispute over the depositions of Smith and Congdon as a motion to compel by the Defendants rather than a motion to quash by Plaintiff. The party seeking discovery has the burden of making a threshold showing of relevance. See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Once that burden has been met, the burden shifts to the party seeking to resist the discovery. Thus, whether characterized as a motion to quash on behalf of Plaintiff or a motion to compel on behalf of Defendants some threshold of relevance of the information sought must be made. The undersigned's initial ruling on this matter, based on the limited briefing and argument, determined such a showing had not been made, and therefore the court determined the depositions of Smith and Congdon were inappropriate.

considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action". Gladfelter v. Wal-Mart Stores, Inc., 162 F.R.D. 589, 590 (D. Neb. 1995). However, the scope of discovery is not unlimited. Some threshold showing of relevance must be made before parties are required to produce a variety of information which does not "reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Further the party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper. St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

   1.  Motion for Reconsideration

Motions for reconsideration rest within the discretion of the court. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). While motions to reconsider generally serve the limited purpose of correcting manifest errors of law or to present newly discovered evidence, the motion in this case is providing the undersigned the benefit of full briefing and the submission of evidence that otherwise may not have been filed due to the compressed time frame under which the court and the parties were operating.

Defendants have asked the court to reconsider its determination that Smith and Congdon could not provide information relevant to this case and as such, Defendants are

not be permitted to depose them. In support of its motion, Defendants advance several theories under which they argue Smith and Congdon could provide relevant information.

Specifically, Defendants point to Plaintiff's assertion that Defendants breached the Purchase Agreement. Defendants argue Smith and Congdon can provide information that Plaintiff breached the Purchase Agreement by selling Defendants merchandise based on unoriginal artwork – that is, Defendants allege Plaintiff stole the artwork of Smith and Congdon and sold Defendants ornaments based on the misappropriated work of the artists. Plaintiff argues the copyright claims of Congdon and Smith are irrelevant because Defendants did not terminate contracts involving merchandise that Cody Foster allegedly copied from Smith and Congdon, Defendants cancelled the contracts without ever talking to Smith or Congdon, and Defendants never believed they had to prove actual infringement to be justified in terminating the contracts. At least in the context of the motion to reconsider, Plaintiff has cited little law in support of its resistance to the depositions of Congdon and Smith.

Defendants cite to several cases which hold that if a party breaches a contract, the non-breaching party is excused from performing its duties under the contract even if the non-breaching party was unaware of any breach at the time of it stopped performing the contract. See Frontline Techs., Inc., 880 F. Supp. 2d 601, 619 (E.D. Pa. 2012); see also Matrix Group Limited, Inc. v. Rawlings Sporting Good Co., 477 F.3d 583, 590 (8th Cir. 2007).[2] This proposition is supported by the Restatement (Second) §237(c) which provides: "It follows that one party's material failure of performance has the effect of the non-occurrence of a condition of the other party's remaining duties, under the rule stated in this Section, even though that other party does not know of the failure." By way of

---

[2] The parties appear to have some disagreement over what law applies. The Purchase Agreement provides Pennsylvania law applies, but even if it does not there appears to be ample authority from several other jurisdictions applying the same principle expressed in Frontline Techs.

example: "A contracts to sell and B to buy goods on 30 days credit. A delivers defective goods, which B rejects in ignorance of their defects. A has no claim against B." Restatement (Second) §237(c)(9). See also LA-Nevada Transit Co. v. Marathon Oil Co., 985 F.2d 797, 801 (5th Cir. 1993) ("As long as a valid ground existed to justify termination of the contract, it simply does not matter if [Defendant] knew of it at the time it sent the notice [of termination]."); Hoffman v. General Motors Acceptance Corp., 814 F.2d 1385, 1388 (9th Cir. 1987)(holding a party may assert a valid reason for termination as a defense even if it was not aware of the reason at the time of termination).

Key to Defendants' defense of breach of contract is their claim that Plaintiff failed to comply with copyright and other intellectual property laws by infringing on Congdon's and/or Smith's (and potentially other artists') original works. Congdon and/or Smith may provide information directly relevant to that issue. Defendants cite to some authority, and the court has found additional authority, that supports Defendants contention that Plaintiff's alleged breach of the Purchase Agreement may provide Defendant a defense to Plaintiff's breach of contract cause of action.[3] Likewise, several of Defendants' fifteen affirmative defenses may rely upon finding Plaintiff actually infringed on the copyright of others. Accordingly, the motion to reconsider is granted, the motion to quash denied, and the depositions of Congdon and Smith should go forward.

2.  Plaintiff's Motion to Compel Documents, (Filing No. 89).

For many of the same reasons, Defendants' motion to compel the production of documents relating to the design, development, and manufacture of items Defendants believe were the subject of copyright infringement allegations against Cody Foster in

---

[3] The court is aware this issue is also before the Hon. John M. Gerrard on Plaintiff's motion for summary judgment. To be clear, the court finds merely that Defendants have found law to support its position and meet the burden of relevance for the purposes of discovery. The court is not attempting to determine the law of the case or hold that Defendants have, as a matter of law, a defense to Plaintiff's cause of action based on breach of contract.

October 2013, (Filing No. 89) will be granted. That is, information contained in those design documents may support Defendants' claim that Cody Foster committed copyright infringement, thus impacting Defendants' defenses and counterclaim. Accordingly, Defendants shall provide the requested documents regarding the following ornaments: TO-795 Color Block Orn, TO-876 Nordic Polar Orns, ORN-743 Nordic Reindeer, TO-966 Painted Antler Orns, CM-011 Sweet Deer Orn, and TO-757 Lumberjack Dolls.

    3.      Defendants' Motion to Compel, (Filing No. 139)

Defendants have moved to compel Mr. Cody Foster[4] to answer questions first posed to him during a May 28, 2015 deposition. Defendants asked Foster a series of questions about whether Cody Foster & Company copied the artwork of independent artists. Mr. Foster's counsel informed him not to answer based "on the relevance rule of the Court on this topic." Filing No. 140 at CM/ECF p. 4-5.

Fed. R. Civ. P. 30(c)(2) provides: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Plaintiff argues counsel justifiably instructed Mr. Foster not to answer the questions based on relevance because of the undersigned's previous ruling quashing the depositions of Congdon and Smith.

> If counsel for a deponent believes that a question is inappropriate, he or she has two choices: object to the question and allow the witness to answer, thus preserving the objection, or instruct the witness not to answer. The second option is appropriate only to (a) preserve a privilege, (b) enforce a court-ordered limitation or (c) bring a motion to terminate or limit the deposition on grounds that it is being conducted in bad faith or in order to unreasonably harass or embarrass the deponent.

---

[4] Foster is a part owner of the company bearing his name.

Van Stelton v. Van Stelton, No. C11-4045-MWB, 2013 WL 5574566, at *15 (N.D. Iowa Oct. 9, 2013).

As an initial matter, there was no court ordered limitation on the deposition of Mr. Foster.  The matter of Mr. Foster's deposition was not before the court when it ruled on whether Congdon and Smith could be deposed.  Absent a specific court order governing the parameters of Mr. Foster's deposition, Plaintiff cannot claim it was attempting to enforce a court order by instructing Mr. Foster not to answer questions, particularly when the order in question did not even address Mr. Foster's deposition.

And a relevance objection is not an acceptable basis for instructing a deponent not to answer a question.  Van Stelton, 2013 WL 5574566 at *15 (collecting cases).   That is, with very limited exceptions, even if counsel believes a question is completely irrelevant to the case, the proper course of action is to object to the question and allow the witness to answer.  During the deposition, Plaintiff's counsel did not claim the question was in bad faith, intended to harass Mr. Foster, or contained confidential information.

Simply put, instructing Mr. Foster not to answer the deposition questions at issue, and refusing to answer those questions on counsel's advice, was not appropriate and is sanctionable as set forth below.  Plaintiff's motion to compel those answers is granted.

4. Plaintiff's Motion to Compel, (Filing No. 142).

Plaintiff moved to compel production of copies of certain ornaments.  Defendants responded that they have produced the ornaments in their possession, but they do not have the requested ornaments in their possession, custody, or control.  Defendants also

10

requested samples of some of the ornaments from a third-party, but were informed the third-party does not have possession of the ornaments. (Filing No. 145 at CM/ECF p. 6).

Rule 34(a)(1) provides a party may be required to produce documents or other tangible items it its "possession, custody, or control." While a party need not have physical possession of a document or other item subject to discovery, it must have the "right, authority, or practical ability to obtain the document from a non-party to the action." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D. Minn. 2000)(internal citations omitted). "In the face of a denial by a party that it has possession, custody or control of documents, the [requesting] party must make an adequate showing to overcome this assertion." Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004)(internal citations omitted).

Defendants cannot be ordered to produce what they do not have and cannot reasonably obtain. And Defendants do not have the ability to demand or compel the production of the ornaments from third-parties on demand. Plaintiff has presented no evidence to indicate Defendants have control of copies of the ornaments in the hands of third-parties. Therefore, Plaintiff's motion to compel is denied.

Accordingly,

IT IS ORDERED,

1) Defendants' Motion for Reconsideration, (Filing No. 110), is granted and Plaintiff's oral motion to quash the depositions of Lisa Congdon and Cassandra Smith is denied.

2) Defendants' Motion to Compel the production of certain documents, (Filing No. 89), is granted as set forth in the body of this order.

11

3) Defendants' Motion to Compel the resumption of the deposition of Cody Foster and requiring him to answer certain questions regarding whether he copied the copyrighted works of Lisa Congdon and Cassandra Smith, (Filing No. 139), is granted. The deposition will resume at Plaintiff's expense including the stenographic costs of the deposition as well as Defendants' reasonable attorneys' fees incurred while conducting the resumed deposition.

4) Plaintiff's Motion to Compel discovery responses, (Filing No. 142), is denied.

5) Plaintiff's Motion to File Under Seal, (Filing No. 102), is granted in part and denied in part. Filing No. 103 shall be filed as a restricted access document.

6) Defendants' Objection to Notice to take Depositions, (Filing No. 86), is denied as moot.

Dated this 16th day of July, 2015

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.